RON BENDER (SBN 143364)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; lls@lnbyb.com

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | ) Case No.: **8:15-bk-11051-ES** |
| | ) Case No.: **8:15-bk-11053-ES** |
| AtheroNova Operations, Inc. and AtheroNova Inc., | ) |
| | ) Joint Administraion Proposed |
| | ) |
| Debtors and Debtors in Possession | ) Chapter 11 Cases |
| | ) |
| | ) **DECLARATION OF MARK** |
| | ) **SELAWSKI IN SUPPORT OF** |
| | ) **DEBTORS' EMERGENCY "FIRST** |
| | ) **DAY" MOTIONS** |
| | ) |
| | ) |
| | ) |
| | ) DATE:    [To be set] |
| | ) TIME:    [To be set] |
| | ) PLACE:  Courtroom "5A" |
| | )                411 West Fourth Street |
| | )                Santa Ana, California |
| | ) |

1

I, Mark Selawski, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am the Chief Financial Officer of AtheroNova Inc. ("AN") and AtheroNova Operations, Inc. ("ANO," and together with AN, the "Debtors"), the debtors and debtors in possession in the above-captioned bankruptcy cases, and am therefore familiar with the business operations and financial books and records of the Debtors. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

3. I have access to the Debtors' books and records. I am familiar with the history, organization, operations and financial condition of the Debtors. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtors' business at or near the time of act, condition or event to which they relate by persons employed by the Debtors who had a business duty to the Debtors to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my knowledge of the Debtors' books and records.

4. I make this declaration in support of the following emergency "first day" motions filed concurrently herewith by both of the Debtors:

   a. "Debtors' Emergency Motion For Authority To Use Cash Collateral On An Interim Basis Pending A Final Hearing (the "Cash Collateral Motion") [Filed by both AN and ANO].

   b. "Debtor's Emergency Motion For Entry Of An Order For Joint Administration Of Cases" (the "Joint Administration Motion") [Filed by both AN and ANO].

**A.    Background**

5. Each of the Debtors filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on March 2, 2015 (the "Petition Date"). The Debtors continue to manage their financial affairs and operate their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**B.**     **The Debtors' Business and Assets**

6.     The Debtors are Delaware corporations with their principal offices located in Irvine, California. AN owns 100% of the stock in ANO – meaning that ANO is a wholly-owned subsidiary of AN. AN is a public company, whose common stock is traded on the OTC Bulletin Board, where its symbol is AHRO. AN is not an operating company and owns no other assets apart from its ownership of the stock of ANO.

7.     As of the Petition Date, 10,000,000 shares of preferred stock of AN have been authorized, none of which are outstanding. As of the Petition Date, 100,000,000 shares of common stock of AN have been authorized, of which approximately 8,809,139 shares are outstanding.

8.     ANO is a biotechnology company focused on the research and development of compounds to safely regress atherosclerotic plaque and improve lipid profiles in humans. Atherosclerosis -- or plaque buildup in the arteries -- is the leading cause of heart attacks, stroke, peripheral vascular disease and other medical illnesses. Atherosclerosis and its complications cost consumers more than an estimated $38 billion annually in the United States alone.

9.     Specifically, ANO is focused on, among other things, the research and development of ANO's lead compound, AHRO-001, which has already demonstrated remarkable plaque reduction in animals. Additionally, through a unique business relationship with Russia's leading biotech venture capital firm, ANO has been able to begin testing of AHRO-001 on humans, which has resulted in a robust safety and tolerability profile for AHRO-001 in humans several years faster than via the traditional drug development route.

10.     ANO's major corporate efforts are dedicated to the completion and submission of an Investigational New Drug (IND) application to the US Food & Drug Administration in order to develop AHRO-001 under the guidance of the FDA and study it throughout the world. If ANO's premise is confirmed and AHRO-001 continues to progress through clinical development, ANO believes that it could introduce the first clinically proven method to regress soft, vulnerable plaque.

11.     ANO's development of AHRO-001 and other compounds (the "IP") is covered by ANO's issued and pending patent applications. Specifically, between 2005 and 2012, ANO has filed with the US and international patent offices a total of 39 patent applications in 11 families relating to the use of bile acids in the regression of atherosclerotic plaque, lipid dissolution and obesity via pharmacological preparations in various forms of administration. Such filings have been received and acknowledged by the respective filing offices.

12.     In July 2012, ANO was notified of the U.S. patent office's intent to grant ANO's first patent in the use of bile acid for dissolution of arterial plaque. In November 2012, the U.S. Patent office issued patent number 8,302,838 titled "Dissolution of Arterial Plaque," with an expiration date of October 18, 2028. In November 2013, ANO was notified of the U.S. patent office's intent to grant ANO's second patent in the use of bile acids for dissolution of arterial plaque. In April 2014, the U.S. Patent office issued patent number 8,697,633 titled "Dissolution of Arterial Plaque," with an expiration date of March 13, 2026. In August 2014, ANO was notified of the U.S. patent office's intent to grant ANO's third patent for the use of carbamide peroxide and several emulsifiers for the reduction of subcutaneous fat. In February 2015, the U.S. Patent office issued patent number 8,952,067 titled "Reduction of Subcutaneous Fat," with and expiration date of June 20, 2032. All other patent applications are still under review by the various patent agencies and are still pending.

**C.      The Debtors' Debt Structure**

*i.      The 2010 2.5% Convertible Notes*

13.     On May 13, 2010, AN entered into a Securities Purchase Agreement with W-Net Fund I, L.P., Europa International, Inc. and MKM Opportunity Master Fund, Ltd. (collectively, the "2010 2.5% Note Purchasers"), pursuant to which the 2010 2.5% Note Purchasers purchased 2.5% Senior Secured Convertible Notes (the "2010 2.5% Notes") for a cash purchase price of $1,500,000 and common stock purchase warrants pursuant to which the 2010 2.5% Note Purchasers had the option to buy up to 190,880 shares of AN common stock at an exercise price of $2.90. Pursuant to the Security Agreement dated May 13, 2010, among AN, ANO and the 2010 2.5% Note Purchasers (the "2010 2.5% Security Agreement"), the obligations owed to the

2010 2.5% Note Purchasers appear to be secured by a first priority security interest against substantially all of the Debtors' assets, including the IP. Pursuant to the 2010 2.5% Security Agreement, upon an event of default, the 2010 2.5% Note Purchasers are entitled to foreclose on their collateral or exercise other rights generally available to a secured creditor under California and Delaware law. In addition, under a subsidiary guarantee, ANO has guaranteed all of AN's obligations under the 2010 2.5% Notes.

14. Under the 2010 2.5% Notes, if there is an uncured event of default, the holders of the 2010 2.5% Notes have the right to declare 120% of the outstanding principal, plus 100% of the accrued and unpaid interest immediately due and payable. Default interest on the 2010 2.5% Notes accrues after an event of default at an annual rate of 12%.

15. Since issuance, the holders of the 2010 2.5% Notes have exercised their right to convert their 2010 2.5% Notes into AN common stock and, to date, $1,072,500 of principal and associated accrued interest has been converted. The remaining 2010 2.5% Notes became, after several extensions of the maturity date, due and payable on November 12, 2014. On that maturity date, the outstanding balance owed on the 2010 2.5% Notes was approximately $427,500. The 2010 2.5% Notes are currently past due. The Debtors are therefore currently in default of their payment obligations under the 2010 2.5% Notes.

    *ii.  The 2012 2.5% Convertible Notes*

16. In September and October 2012, AN issued $1,498,333 in 2.5% convertible notes (the "<u>2012 2.5% Notes</u>"), which mature four years after their dates of issuance in 2016. The 2012 2.5% Notes are convertible into common stock at a per share price of $2.90 per share and are subject to the 2010 2.5% Security Agreement with no further action required by the purchasers. Since issuance, the holders of the 2012 2.5% Notes have exercised their right to convert their 2012 2.5% Notes into AN common stock and, to date, $744,666 of principal and associated accrued interest has been converted. The current outstanding principal balance of the 2012 2.5% Notes is approximately $753,667.

17. The majority of the 2010 2.5% Notes and the 2012 2.5% Notes are currently held by Europa International, Inc., which is an entity controlled by Knoll Capital Management of which Mr. Knoll, one of the Debtors' six directors, is the managing director.

### iii. The 2014 6% Convertible Notes

18. In January and February 2014, AN entered into Securities Purchase Agreements with approximately 31 accredited investors (collectively, the "6% Investors"), pursuant to which the 6% Investors purchased 6% Senior Secured Convertible Notes (the "2014 6% Notes") for a cash purchase price of $1,906,500 and common stock purchase warrants pursuant to which the 6% Investors have the option to buy up to 454,460 shares of common stock at an exercise price of $0.75. The 2014 6% Notes have a three- year term. Pursuant to the Security Agreement dated February 12, 2014, among AN, ANO and the 6% Investors (the "2014 6% Security Agreement"), the obligations owed to the 6% Investors are secured by security interests against substantially all of the Debtors' assets, including the IP, on a pari passu basis with the outstanding 2010 2.5% Notes and the 2012 2.5% Notes. Upon an event of default, the 6% Investors are entitled to foreclose on their collateral or exercise other rights generally available to a secured creditor under California and Delaware law. In addition, under a subsidiary guarantee, ANO has guaranteed all of AN's obligations under the 2014 6% Notes.

19. Additionally, pursuant to the 2014 6% Notes, if there is an uncured event of default of any secured obligation of $100,000 or more, which may include default on the 2010 2.5% Notes, 2012 2.5% Notes or 2014 8% Notes (as defined below), the holder of the 2014 6% Notes may declare the greater of (a) 120% of the outstanding principal, plus 100% of the accrued and unpaid interest and (b) the product of (i) the highest closing price for the 5 trading days immediately preceding acceleration of the 2014 6% Notes multiplied by (ii) a fraction the numerator of which is the outstanding principal and the denominator of which is the conversion price as of the date of determination, immediately due and payable. Default interest on the 2014 6% Notes accrues after an event of default at an annual rate of 24%. The current outstanding principal balance of the 2014 6% Notes is approximately $1,866,500. The Debtors are currently in default under the 2014 6% Notes.

### iv. The 2014 8% Convertible Notes

20. In August and September 2014, AN entered into Securities Purchase Agreements with approximately 7 accredited investors (collectively, the "8% Investors" together with the holders of the 2010 2.5% Notes, the holders of the 2012 2.5% notes and the 6% Investors, the "Secured Parties"), pursuant to which the 8% Investors purchased 8% Senior Secured Convertible Notes (the "2014 8% Notes") for a cash purchase price of $500,000 and common stock purchase warrants pursuant to which the 8% Investors have the option to buy up to 225,228 shares of common stock at an exercise price of $2.00. The 2014 8% Notes have a one-year term. Pursuant to the Security Agreement dated September 12, 2014, among AN, ANO and the 8% Investors (the "2014 8% Security Agreement"), the obligations owed to the 8% Investors are secured by security interests against substantially all of the Debtors' assets, including the IP, on a pari passu basis with the outstanding 2010 2.5% Notes, the 2012 2.5% Notes and the 2014 6% Notes. Upon an event of default, the 8% Investors are entitled to foreclose on their collateral or exercise other rights generally available to a secured creditor under California and Delaware law. In addition, under a subsidiary guarantee, ANO has guaranteed all of AN's obligations under the 2014 8% Notes.

21. Additionally, pursuant to the 2014 8% Notes, if there is an uncured event of default, which may include default on the 2010 2.5% Notes, 2012 2.5% Notes or 2014 6% Notes, the holders of the 2014 8% Notes may declare the greater of (a) 120% of the outstanding principal, plus 100% of the accrued and unpaid interest and (b) the product of (i) the highest closing price for the 5 trading days immediately preceding acceleration of the 2014 6% Notes multiplied by (ii) a fraction the numerator of which is the outstanding principal and the denominator of which is the conversion price as of the date of determination, Default interest on the 2014 8% Notes accrues after an event of default at an annual rate of 24%. The current outstanding principal balance of the 2014 8% Notes is $500,000. The Debtors are currently in default under the 2014 8% Notes.

///

///

        *v.*    *General Unsecured Debt and Overall Debt*

22.    In addition to the foregoing secured debt which is in the total approximate amount of $4,636,338 (including 120% of the outstanding principal and accrued interest, or default interest thereon through February 20, 2015), the Debtors have approximately $700,000 of pre-petition, general unsecured debt.

23.    In total, I estimate that the Debtors have a total of approximately $5,336,338 of pre-petition debt.

**D.**    **The Reason For The Debtors' Bankruptcy Filings**

24.    On February 12, 2015, the Debtors received a notice of acceleration from Europa International, Inc. as the holder of a 2010 2.5% Note issued by AN in the principal sum of $427,500. The Debtors also received additional notices of acceleration from certain other note holders, including holders of 2012 2.5% Notes, 2014 6% Notes and 2014 8% Notes.

25.    As discussed above, the event of a default under any of the above-discussed notes constitutes an event of default under each of AN's other outstanding secured notes. Based upon the terms of the notes, including the term in each note that acceleration of the indebtedness of the note entitles the holder of the note to receive at least 120% of the outstanding principal plus accrued and unpaid interest and other costs and expenses arising thereunder, if all of the indebtedness under the notes is accelerated, the Debtors are required to pay the following approximate amounts:

    a.   $1,417,400 plus accrued and unpaid interest and other costs and expenses arising thereunder to the holders of the 2010 2.5% Notes and the 2012 2.5% Notes.

    b.   At least $2,239,800 plus accrued and unpaid interest and other costs and expenses arising thereunder to the holders of the 2014 6% Notes.

    c.   At least $600,000 plus accrued and unpaid interest and other costs and expenses arising thereunder to the holders of the 2014 8% Notes.

26.    In summary, if all indebtedness under AN's outstanding secured notes is accelerated, the Debtors will be required to pay to the holders thereof at least $4,257,200 in

principal, plus accrued and unpaid interest and other costs and expenses. As of the Petition Date, the Debtors' cash balance was approximately $738,547.00.

27. The Debtors are facing a liquidity crisis in two ways. One, the Debtors' outstanding debt vastly exceeds their available cash, and certain holders of secured notes have accelerated the indebtedness under their secured notes. The Debtors have no economic means to repay their matured secured notes and the default under those notes have caused a default on all of the Debtors' secured notes. Two, even without the default on their secured notes, the Debtors have a limited amount of cash, no operating revenue, ongoing operating expenses, and no realistic way to obtain additional funds – either from new debt or new equity. As a result of all of the foregoing, the Debtors concluded that it was in the best interest of the Debtors, their creditors and shareholders to file for bankruptcy to prevent the secured note holders from exercising any rights against the Debtors and to provide the Debtors a forum to maximize the value of their assets under the circumstances.

**E.     The Debtors' Bankruptcy Strategy**

28. With the Debtors' existing debt and equity structures, I did not believe that raising the funds needed to solve the Debtors' financial problems – either with new debt and/or new equity – was feasible. This problem was exacerbated by the fact that the Debtors are a research and development company which currently do not generate any revenue. With the Debtors' current cash balance and ongoing operating expenses, I predict that the Debtors will completely run out of cash and be forced to shut down by around June 30, 2015 unless the Debtors are able to obtain new funding or consummate a sale of their assets by that date. As a result, the Debtors have retained the well regarded financial advisory firm of Sherwood Partners, LLC to assist the Debtors to market their company and assets for sale for the highest price possible to insure that the Debtors are able to consummate a sale of their assets before they run out of money. While I believe it is unlikely that anybody would be willing to fund a feasible reorganization of the Debtors, if anybody emerges who is willing to do so and that result would be better for creditors and shareholders than an asset sale, the Debtors would of course pursue that reorganization option.

**F.      The Cash Collateral Motion**

29.    I believe that the Secured Parties are the only parties that may have a security interest in the Debtors' cash.

30.    The Debtors require the use of their cash to maintain their business operations and preserve the value of their assets while the Debtors pursue a marketing and sale process, which will allow the Debtors to sell their assets/business as a going concern for the most money possible. I believe that in order for the Debtors to be able to operate their business while in Chapter 11 and to avoid immediate and irreparable harm to their business and estates, the Debtors must be able to use their cash to pay the Debtors' post-petition operating expenses in accordance with the budget (the "Budget") attached hereto as **Exhibit "1."**

31.    I do not believe that the Debtors have the ability to continue to operate their business or to maintain the going concern value of their assets and their estates unless the Debtors have the ability to use their cash to pay their projected expenses in accordance with the Budget. I believe that the Debtors' inability to pay those expenses would cause immediate and irreparable harm to the Debtors' bankruptcy estates. I believe that the Debtors' inability to pay their expenses, including payroll, rent, and other operating expenses would result in the immediate shutdown of the Debtors' business and the decimation of the going concern value of the Debtors' business and assets. I believe that the preservation, maintenance and enhancement of the going concern value of the Debtors and their assets are necessary to maintain and to maximize the value of the Debtors' assets for the benefit of their estates.

**G.      The Joint Administration Motion**

32.    Through the Joint Administration Motion, the Debtors are seeking to have their bankruptcy cases jointly administered.

33.    I believe that the Debtors' cases are inextricability intertwined and that the vast majority of the issues and matters that arise in the Debtors' cases will be interrelated, and that any transaction or exit strategy pursued in connection with such bankruptcy cases will necessarily involve both of the Debtors. Accordingly, I believe that joint administration of ANO's bankruptcy case with the bankruptcy case of AN is appropriate.

34.    I believe that joint administration will avoid duplicative expenses and will ensure that creditors in each of the cases will receive appropriate notice of pertinent matters. In addition, I believe that joint administration of the two cases, including the use of a single pleadings docket, the combining of notices to creditors of the different estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 2nd day of March, 2015, at Irvine, California.

_____
MARK SELAWSKI

11

1
2
3
4
5
6
7
8
9  **EXHIBIT "1"**
10
11  **[BUDGET]**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AtheroNova Inc. and AtheroNova Operations, Inc.
Operating Expenses-Use of Proceeds
Present thru June 2015
As of 3/02/15

| Description | | March 2-6 2015 | March 9-13 2015 | March 16-20 2015 | March 23-27 2015 | March 30-31 2015 | April 2015 | May 2015 | June 2015 | Projected Totals |
|---|---|---|---|---|---|---|---|---|---|---|
| Current Book cash balance @ 3/02/15 | 738,547.06 | | | | | | | | | |
| Weekly/Monthly running Cash balance | | 738,547.06 | 636,135.56 | 593,112.64 | 577,913.64 | 565,813.64 | 431,611.72 | 281,499.63 | 125,839.54 | |
| **Compensation:** | | | | | | | | | | |
| Socha | | | 2,500.00 | | | 2,500.00 | 5,000.00 | 5,000.00 | 5,000.00 | 20,000.00 |
| Bauman | | | 8,750.00 | | | 8,750.00 | | | | 17,500.00 |
| Selawski | | | 7,916.67 | | | 7,916.67 | 15,833.34 | 15,833.34 | 15,833.34 | 63,333.36 |
| Payroll Taxes | | | 1,466.25 | | | 1,466.25 | 1,593.75 | 1,593.75 | 1,593.75 | 7,713.75 |
| Gardner | | | 7,500.00 | | | 7,500.00 | 15,000.00 | 15,000.00 | 15,000.00 | 60,000.00 |
| Wedel | | | 7,500.00 | | | 7,500.00 | | | | 15,000.00 |
| Brar (Tox work) | | | | | | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 10,000.00 |
| Health insurance | | | | | | 7,647.00 | 7,647.00 | 7,647.00 | 7,647.00 | 30,588.00 |
| Dental insurance | | | | | | 799.00 | 799.00 | 799.00 | 799.00 | 3,196.00 |
| D&O Insurance premium | | | | | | | | 63,750.00 | | 63,750.00 |
| **Other operating Costs:** | | | | | | | | | | |
| Rent & Occupancy | | 4,100.50 | | | | | 4,197.00 | 4,197.00 | 337.00 | 12,831.50 |
| Phone-(Office lines,fax & conf line) | | | 750.00 | | | 750.00 | 750.00 | 750.00 | 750.00 | 3,750.00 |
| Cell phone-Gardner | | | | 150.00 | | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| Cell phone-Selawski | | | | 100.00 | | 100.00 | 100.00 | 100.00 | 100.00 | 500.00 |
| Cell phone-Socha | | | 40.00 | | | 40.00 | 40.00 | 40.00 | 40.00 | 200.00 |
| Conference call service | | | | | | 600.00 | 600.00 | 600.00 | 400.00 | 2,200.00 |
| Office supplies | | | | | 500.00 | 800.00 | 600.00 | 700.00 | 600.00 | 3,200.00 |
| Internet | | | 350.00 | | | 350.00 | 350.00 | 350.00 | 350.00 | 1,750.00 |
| Transfer agent | | | | | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 1,750.00 |
| RDG Filings-EDGAR & XBRL filing service | | | | | | | 3,548.00 | | | 3,548.00 |
| ProActive (IR/PR) | | | | | | 1,500.00 | | | | 1,500.00 |
| Equisolve-App, news dissemination etc | | | | 699.00 | | | 699.00 | | | 1,398.00 |
| Travel-Gardner | | | | 3,000.00 | | | 500.00 | 500.00 | 500.00 | 500.00 | 5,000.00 |
| Travel-Selawski | | | | | | | 800.00 | 800.00 | 800.00 | 800.00 | 3,200.00 |
| Miscellaneous | | | 6,250.00 | 6,250.00 | 6,250.00 | | 25,000.00 | 25,000.00 | 25,000.00 | 93,750.00 |
| **Professional Fees:** | | | | | | | | | | 0.00 |
| Sherwood Partners (Sales Agent) | | | | | | | | | | 0.00 |
| IP Counsel work (McDermott) | | | | | | | | | | 0.00 |
| SEC Counsel (Stubbs) | | | | | | | | | | 0.00 |
| Bankruptcy counsel (Levene, Neale, Bender) | | | | | | | | | | 0.00 |
| Audit (Weinberg) | | | | | | | | | | 0.00 |

|  |  |  |  |  |  |  |  |  | 0.00 |
|---|---|---|---|---|---|---|---|---|---|
| **Subtotal -Basic Operating expenses** | **4,100.50** | **43,022.92** | **10,199.00** | **7,100.00** | **52,518.92** | **86,057.09** | **145,660.09** | **77,750.09** | **426,408.61** |
| **Current Phase 1b Ex-Russia costs:** |  |  |  |  |  |  |  |  |  |
| mRNA sample analysis on Russian 1b (Cambridge) | 25,000.00 |  |  |  | 15,000.00 | 8,820.00 |  |  | 48,820.00 |
| ABCA1 cholesterol efflux  Russian 1b (Pac Bio) | 45,000.00 |  |  |  | 30,000.00 | 6,820.00 |  |  | 81,820.00 |
| Blood chemistry analysis (Synevo) | 28,311.00 |  |  |  | 36,683.00 | 11,465.00 |  |  | 76,459.00 |
|  |  |  |  |  |  |  |  |  |  |
| **Nicholls & IND Opening HDCA Studies:** |  |  |  |  |  |  |  |  |  |
| Australian rabbit lipid study (SAHMRI) |  |  |  |  |  | 25,000.00 |  |  | 25,000.00 |
|  |  |  |  |  |  |  |  |  | 0.00 |
| **Bankruptcy costs:** |  |  |  |  |  |  |  |  | 0.00 |
| Various postage, mailing photocopy, etc. |  |  | 5,000.00 | 5,000.00 |  | 10,000.00 | 10,000.00 | 10,000.00 | 40,000.00 |
| UST Quarterly Fee |  |  |  |  |  | 1,950.00 |  | 4,325.00 | 6,275.00 |
|  |  |  |  |  |  |  |  |  |  |
| **Subtotal-Project costs** | 98,311.00 | 0.00 | 5,000.00 | 5,000.00 | 81,683.00 | 64,055.00 | 10,000.00 | 14,325.00 | 278,374.00 |
|  |  |  |  |  |  |  |  |  |  |
| **Total Costs** | 102,411.50 | 43,022.92 | 15,199.00 | 12,100.00 | 134,201.92 | 150,112.09 | 155,660.09 | 92,075.09 | 704,782.61 |

Operating Expense Projection      704,782.61

Ending cash balance at 6/30/15      33,764.45

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled DECLARATION OF MARK SELAWSKI IN SUPPORT OF DEBTORS' EMERGENCY "FIRST DAY" MOTIONS will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 2, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ron Bender on behalf of Debtor AtheroNova Operations Inc.
rb@lnbyb.com

Ron Bender on behalf of Debtor AtheroNova Inc.
rb@lnbyb.com

Lindsey L. Smith on behalf of Debtor AtheroNova Operations, Inc.
lls@lnbyb.com

Lindsey L. Smith on behalf of Debtor AtheroNova Inc.
lls@lnbyb.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **March 2, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 2, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Chambers Copy Via Attorney Service</u>
The Hon. Erithe Smith
United States Bankruptcy Court
Ronald Reagan Federal Building
and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1                                                        ☐ Service information continued on attached page

2 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3

| March 2, 2015 | John Berwick | */s/ John Berwick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| AtheroNova Operations, Inc.<br>2301 Dupont Drive<br>Suite 525<br>Irvine, CA 92612 | AtheroNova Inc.<br>2301 Dupont Drive<br>Suite 525<br>Irvine, CA 92612 | Office of the U.S. Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 |
| ACT Capital Management LLLP<br>Atnn: Carol G. Frankenfield<br>555 E. Lancaster Ave, Suite 540<br>Radnor, PA 19087 | ACT Capital Partners LP<br>2 Radnor Corporate Center<br># 111<br>Radnor, PA 19087 | Adam Liebross<br>402 Howland Canal<br>Venice, CA 90291 |
| Alexander Kezli 401K<br>Attn: Alexander Keszeli<br>3 Windtree Lane<br>Glen Mills, PA 19342 | Amir L Ecker IRA<br>Attn: Amir Ecker<br>800 Newtown Road<br>Villanova, PA 19085 | Amir L. Ecker<br>800 Newtown Road<br>Villanova, PA 19085 |
| Balmages Law Office<br>Michael Balmages<br>1442 Irvine Blvd Suite 218<br>Tustin, CA 92780 | Belro Medical<br>Bernard Cornet<br>Waterloo Office Park Dreve<br>Richelle 161 Building M 1410<br>Waterloo, Belgium, | Boris Ratiner<br>18375 Ventura Blvd. #552<br>Tarzana, CA 91356 |
| Brar Inc.<br>Balbir Brar<br>26261 Glen Canyon<br>Laguna Hills, CA 92653 | Broadridge<br>P.O. Box 416423<br>Boston, MA 02241-6423 | Broadridge Inc.<br>PO Box 416423<br>Boston, MA 02241 |
| Cambridge Biomedical<br>Cole Ruwet<br>1320 Soldiers Field Road<br>Boston, MA 02135 | Carol Wittenbraker<br>4625 Greenville Ave., Suite 101<br>Dallas, TX 75206 | Catalyst Life Science Partners<br>Janice Mitrovich<br>174 Nassau Street Suite 137<br>Princeton, NJ 08542 |
| Clarence J. Meyer<br>2 Radnor Corp Center # 111<br>Radnor, PA 19087 | Clarence Meyer, c/o PBC Advisors<br>Attn: Robert Fisk<br>2 Radnor Corporate Center, Ste 410<br>Radnor, PA 19087 | DC Ice, LLC<br>Attn: Richard Winter<br>546 Fifth Avenue, 9th Floor<br>New York, NY 10036 |
| Dymami Investments LLC<br>Attn: Ronald Dyne<br>1925 Lovering Ave.<br>Wilmington, DE 19806 | Dymami Investments LLC<br>15260 Ventura Blvd 20th Fl<br>Sherman Oaks, CA 91403 | Ecker Family Partnership<br>Attn: Amir Ecker<br>800 Newtown Road<br>Villanova, PA 19085 |
| Estate of Judith W. Campbell<br>Attn: Frank Campbell<br>106 Longview Circle<br>Media, PA 19063 | Europa International Inc.<br>c/o Knoll Capital Mgmt LP<br>1114 Ave of the Americas 45th Fl<br>New York, NY 10036 | Europa International, Inc.<br>Attn: Fred Knoll<br>5 East 44th St., Suite 12<br>New York, NY 10017 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Frank Campbell<br>106 Longview Circle<br>Media, PA 19063 | Frontage Laboratories<br>Huan Wang<br>700 Pennsylvania Drive<br>Exton, PA 19341-1129 | Gardner Syndication Mgmt.<br>Thomas Gardner<br>14 Chantonnay<br>Laguna Niguel, CA 92677 |
| Genia Su Consulting<br>Genia Su<br>6639 Avinida De Las Pescas<br>La Jolla, CA 92037 | James Lynch<br>9990 RR Blvd<br>Reno, NV 89521 | Jay Robert Paul<br>210 West 70th #1201<br>New York, NY 10023 |
| JMW Fund<br>Attn: Justin Yorke<br>4 Richland Place<br>Pasadena, CA 91103 | John Tilney<br>The Old Rectory, Harpsden<br>arpsden Bottom, Henley-on-Thames<br>Oxfordshire RG9 4HT, UK | John Tilney<br>2 Radnor Corp Center #111<br>Radnor, PA 19087 |
| Jonathan Andron Roth IRA<br>c/o Creve & Company<br>3650 Mt Diablo Blvd # 103<br>Lafayette, CA 94549 | Jonathan Andron/Creve & Co.<br>Attn: Jonathan Andron<br>135 N. Meramec, 3rd Floor<br>Clayton, MO 63105 | Kyle Van Natta<br>4133 Redwood Ave #3012<br>Los Angeles, CA 90066 |
| Larry Kuhn<br>2412 Via Mero<br>San Clemente, CA 92673 | Lateral Capital III, LLC<br>Attn: John Lilly<br>80 S. 8th St., 4900 IDS Center<br>Minneapolis, MN 55402 | LifeSci Advisors, LLC<br>Laura Ortiz<br>250 West 55th Street Suite 16B<br>New York, NY 10019 |
| Lincoln Park Capital<br>Attn: Robert Garcia<br>440 N. Wells St., Suite 410<br>Chicago, IL 60654 | Little Gem Life Science Partners<br>Jeffrey Benison<br>57 Flower Road<br>Valley Stream, NY 11581 | Mark Selawski<br>25521 Creek Dr<br>Laguna Hills, CA 92653 |
| Mark Wedel<br>24510 Fuerte Road<br>Temecula, CA 92590 | McDermott Will & Emery LLP<br>James Hill<br>PO Box 6043<br>Chicago, IL 60680-6043 | Michael Jakobsen<br>2800 Terry Road<br>Laguna Beach, CA 92651 |
| MPI Research, Inc.<br>Bill Jefferson<br>1521 Paysphere Circle<br>Chicago, IL 60674 | MyLi Burger Holdings, LLC<br>Attn: Greg Akselrud<br>15260 Ventura Blvd., 20th Floor<br>Sherman Oaks, CA 91403 | OTC Markets Group, Inc.<br>PO Box 29959<br>New York, NY 10087-9959 |
| Pacific Biomarkers<br>Jennifer Harjehausen<br>645 Elliot Avenue Suite 300<br>Seattle, WA 98119 | Pacific Biomarkers<br>645 Elliot Avenue<br>Suite 300<br>Seattle, WA 98118 | Paracelsus, Inc.<br>Grace Furman<br>128 Daphne Street<br>Leucadia, CA 92024 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Patrick and Allison K. Doyle Trust<br>Attn: Patrick Doyle<br>21 Merrill Circle South<br>Moraga, CA 94556 | PK/PD Associates<br>Nathan Teuscher<br>5 Hale Ct.<br>Trophy Club, TX 76262 | PR Newswire<br>G.P.O Box 5897<br>New York, NY 10087 |
| Pro Active Capital Resources Group, LLC<br>Jeff Ramson<br>535 Fifth Avenue 24th Floor<br>New York, NY 10017 | Randy Johnson<br>Randolph Johnson<br>423 Wave Avenue<br>Half Moon Bay, CA 94019 | Ratiner Family 2005<br>Revocable Living Trust<br>18375 Ventura Blvd #522<br>Tarzana, CA 91356 |
| RDG Filings<br>PO Box 883213<br>San Francisco, CA 94188-3213 | Regents University of Southern Californi<br>Kathy Wrobel<br>405 Hilgard Avenue, 1125 Murphy Hall<br>Los Angeles, CA 90095 | Richard A. Jacoby<br>2490 White Horse Road<br>Berwyn, PA 19312 |
| Richland Fund<br>Attn: Justin Yorke<br>4 Richland Place<br>Pasadena, CA 91103 | Robert A. Ayerle<br>725 Skippack Pike, Suite 340<br>Blue Bell, PA 19422 | Robert Wayne Spears Living Trust<br>dtd 7-2, Attn: Ken Ruggles<br>15853 Oldent St.<br>Sylmar, CA 91342 |
| Ruth Peck Family Trust<br>Attn: Ruth Peck<br>1405 Afton St.<br>Pasadena, CA 91103 | SAHMRI<br>PO Box 11060<br>North Terrace Adelaide<br>South Australia 5001, | San Gabriel Fund<br>Attn: Justin Yorke<br>4 Richland Place<br>Pasadena, CA 91103 |
| Securities Transfer Corp<br>Jason Freeman<br>2591 Dallas Parkway Suite 102<br>Frisco, TX 75034 | Sharp Clinical Services, Inc.<br>Whitney Beatty<br>Lockbox #3797 PO Box 8500-3797<br>Philadelphia, PA 19178-3797 | Staples Contracts and Commercial<br>PO Box 414524<br>Boston, MA 02241-4524 |
| Stradling Yocca Carlson & Rauth<br>Michael Lawhead<br>660 Newport Center Drive Suite 1600<br>Newport Beach, CA 92661-6441 | Stubbs Alderton & Markiles, LLP<br>Greg Akselrud<br>15260 Ventura Boulevard 20th Floor<br>Sherman Oaks, CA 91403 | SunTrust Delaware Trust Company Trustee<br>of Murray Markiles Roth IRA Trust<br>1011 Centre Road, Suite 108<br>Wilmington, DE 19805 |
| Thomas W. Gardner<br>14 Chantonnay<br>Laguna Niguel, CA 92677 | TR Dupont Centre LLC<br>Leslie Tague<br>PO Box 842470<br>Dallas, TX 75284-2470 | W-Net Fund I, LP<br>Attn: David Weiner<br>12400 Ventura Blvd. #327<br>Studio City, CA 91604 |
| Weinberg & Company, P.A.<br>Corey Fischer<br>1925 Century Park East Suite 1120<br>Los Angeles, CA 90067 | Windstream<br>PAETEC P.O. Box 9001013<br>Louisville, KY 40290-1013 | Zephyr Networks<br>Marc Winger<br>22921 Triton Way Suite 224<br>Laguna Hills, CA 92653-1236 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

1 | Ron Bender
Levene, Neale, Bender, Yoo & Brill
2 | LLP
10250 Constellation Blvd.
3 | Suite 1700
Los Angeles, CA 90067
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**